Index # 2018-261053
Filed for Record
10/01/2018 03:25:36 PM
Rensselaer County
Frank J Merola
Clerks Office
$210.00  Rec # 1155159
Clerk: RK

STATE OF NEW YORK
SUPREME COURT     COUNTY OF RENSSELAER

---

RICHARD SCHOONMAKER and MARY
SCHOONMAKER, Individually and as Husband and
Wife,

                    Plaintiff,

-against-

STARFIRE REALTY HOLDINGS, LLC and
STARFIRE SYSTEMS, INC.

                    Defendants.

SUMMONS

Index No.: 2018-261053

1:18-cv-1352 (MAD/DJS)

---

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to serve upon plaintiffs' attorney an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: September 27, 2018

                    CONWAY & KIRBY, LLP

                    By: _____
                    DANA M. BONIEWSKI, ESQ.
                  Attorneys for Plaintiff
                  413 Kenwood Avenue
                  Delmar, New York 12054
                  Tel. No.: (518) 533-1050

Trial is desired in the County of Rensselaer. The basis of venue designated above is that plaintiffs reside in Rensselaer County.

```
Index # 2018-261053
10/01/2018  03:25:36 PM
Frank J Merola
Rensselaer County
Clerks Office
```

STATE OF NEW YORK
SUPREME COURT    COUNTY OF RENSSELAER

---

RICHARD SCHOONMAKER and MARY
SCHOONMAKER, Individually and as Husband and
Wife,

                        Plaintiff,

-against-

STARFIRE REALTY HOLDINGS, LLC and
STARFIRE SYSTEMS, INC.

                        Defendants.

COMPLAINT

Index No.: 2018-261053

---

The plaintiffs, Richard and Mary Schoonmaker, by and through their attorneys, Conway & Kirby, LLP, as and for a complaint against the above-captioned defendants states and alleges as follows:

1. The plaintiffs, Richard and Mary Schoonmaker, are individuals currently residing at 274 Sliter Road, Schaghticoke, New York.

2. The plaintiffs, on the date of the subject accident, were married.

3. The plaintiff, Richard Schoonmaker, on the date of the subject accident, was a pedestrian.

4. Upon information and belief, at all times herein relevant, defendant, Starfire Realty Holdings, LLC is a Limited Liability Company organized and existing under and by virtue of the laws of the State of New York, with its principal place of business situated in the County of Saratoga and the State of New York.

5. Upon information and belief, at all times herein relevant, defendant, Starfire Systems, Inc. is a foreign business corporation organized and existing under and by virtue of the laws of the State of Delaware, but having the rights and permissions to conduct business

within the State of New York with its principal place of business within New York situated in the County of Saratoga.

6. Upon information and belief, at all times herein relevant, the situs of the subject incident, Starfire Systems, Inc., 8 Sarnowski Drive, Glenville, New York, is within the Town of Glenville, County of Schenectady, State of New York.

7. The incident complained of herein occurred at approximately 3:31 p.m. on January 16, 2018, at 8 Sarnowski Drive, in the area of the delivery door, in the Town of Glenville, County of Schenectady, State of New York.

8. The site of the incident is and was at all times an area used for deliveries.

9. The limitations contained in Article 16 of the CPLR do not apply to this case; as one or more exception applies.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS, BASED UPON NEGLIGENCE:

10. Plaintiffs repeat, reiterate and reallege each and every allegation, claim and statement contained in all of the preceding paragraphs, with the same force and effect as if fully set forth herein at length.

11. Upon information and belief, the defendant, Starfire Realty Holdings, LLC, owned and operated the premises known as 8 Sarnowski Drive, in the Town of Glenville, County of Schenectady, State of New York.

12. Upon information and belief, the defendant, Starfire Systems, Inc., owned and operated the premises known as 8 Sarnowski Drive, in the Town of Glenville, County of Schenectady, State of New York.

13. Upon information and belief, the defendant, Starfire Realty Holdings, LLC, was responsible for maintaining the above-mentioned premises in the Town of Glenville, County of Schenectady, State of New York.

14. Upon information and belief, the defendant, Starfire Systems, Inc., was responsible for maintaining the above-mentioned premises in the Town of Glenville, County of Schenectady, State of New York.

15. Upon information and belief, the defendant, Starfire Realty Holdings, LLC, negligently maintained the above-mentioned premises in the Town of Glenville, County of Schenectady, State of New York.

16. Upon information and belief, the defendant, Starfire Systems, Inc., negligently maintained the above-mentioned premises in the Town of Glenville, County of Schenectady, State of New York.

17. That on or about January 16, 2018 plaintiff, Richard Schoonmaker, was lawfully upon the premises when he was caused to slip and fall sustaining substantial and permanent injuries.

18. That plaintiff, Richard Schoonmaker, was injured due to the negligence of the defendant, Starfire Realty Holdings, LLC, through its agents, servants, employees and representatives in their failure to properly perform snow/ice removal services and/or maintain the premises.

19. That plaintiff, Richard Schoonmaker, was injured due to the negligence of the defendant, Starfire Systems, Inc., through its agents, servants, employees and representatives in their failure to properly perform snow/ice removal services and/or maintain the premises.

20. That on or about January 16, 2018, a dangerous and/or defective condition existed at the premises, more particularly, ice and/or snow accumulation, and upon information and belief, defendant, Starfire Realty Holdings, LLC, through its agents, servants, employees and representatives, had actual and/or constructive notice of said dangerous and/or defective condition, and said dangerous and/or defective condition continued to exist for an unreasonable amount of time due to the negligence of defendant, through its agents, servants, employees and representatives.

21. That on or about January 16, 2018, a dangerous and/or defective condition existed at the premises, more particularly, ice and/or snow accumulation, and upon information and belief, defendant, Starfire Systems, Inc., through its agents, servants, employees and representatives, had actual and/or constructive notice of said dangerous and/or defective condition, and said dangerous and/or defective condition continued to exist for an unreasonable amount of time due to the negligence of defendant, through its agents, servants, employees and representatives.

22. Upon information and belief, the defendant, Starfire Realty Holdings, LLC, individually, and/or through its officers, agents, servants and/or employees, through their snow and/or ice removal services and/or methods, assumed a duty of care by creating the dangerous and/or defective condition existing at the premises above mentioned.

23. Upon information and belief, the defendant, Starfire Systems, Inc., individually, and/or through its officers, agents, servants and/or employees, through their snow and/or ice removal services and/or methods, assumed a duty of care by creating the dangerous and/or defective condition existing at the premises above mentioned.

24. Upon information and belief, the defendant, Starfire Realty Holdings, LLC, individually, and/or through its officers, agents, servants and/or employees, through their snow and/or ice removal services and/or methods, assumed a duty of care by exacerbating the dangerous and/or defective condition existing at the premises above mentioned.

25. Upon information and belief, the defendant, Starfire Systems, Inc., individually, and/or through its officers, agents, servants and/or employees, through their snow and/or ice removal services and/or methods, assumed a duty of care by exacerbating the dangerous and/or defective condition existing at the premises above mentioned.

26. Upon information and belief, the defendant, Starfire Realty Holdings, LLC, individually, and/or through its officers, agents, servants and/or employees, through their snow removal services and/or methods, assumed a duty of care by advancing its snow removal services and/or methods to such a point that the defendant, individually, and/or through its officers, agents, servants and/or employees, launched a force or instrument of harm.

27. Upon information and belief, the defendant, Starfire Systems, Inc., individually, and/or through its officers, agents, servants and/or employees, through their snow removal services and/or methods, assumed a duty of care by advancing its snow removal services and/or methods to such a point that the defendant, individually, and/or through its officers, agents, servants and/or employees, launched a force or instrument of harm.

28. Upon information and belief, the plaintiff, actually and reasonably relied upon the defendant, Starfire Realty Holding, LLC's, performance and/or continued performance of its snow removal services all to his detriment.

29. Upon information and belief, the plaintiff, actually and reasonably relied upon the defendant, Starfire System, Inc's, performance and/or continued performance of its snow removal services all to his detriment.

30. Upon information and belief, the plaintiff's reliance upon all of the defendants' continued performance of snow removal services was reasonable and foreseeable.

31. That upon information and belief, the defendant, Starfire Realty Holdings, LLC, negligently failed to remedy the dangerous and defective conditions, as stated above, even after actual and/or constructive notice of same.

32. That upon information and belief, the defendant, Starfire Systems, Inc., negligently failed to remedy the dangerous and defective conditions, as stated above, even after actual and/or constructive notice of same.

33. That upon information and belief, the defendant, Starfire Realty Holdings, LLC, negligently failed to abide by any and all local, County, State and/or Federal rules, regulations, statutes and/or ordinances pertaining to the maintenance of the premises in the Town of Glenville, County of Schenectady, State of New York.

34. That upon information and belief, the defendant, Starfire Systems, Inc., negligently failed to abide by any and all local, County, State and/or Federal rules, regulations, statutes and/or ordinances pertaining to the maintenance of the premises in the Town of Glenville, County of Schenectady, State of New York.

35. Upon information and belief, the defendant, Starfire Realty Holdings, LLC, failed to warn the public of the above-mentioned dangerous and defective conditions.

36. Upon information and belief, the defendant, Starfire Systems, Inc., failed to warn the public of the above-mentioned dangerous and defective conditions.

37. As a direct result and proximate cause of the defendant, Starfire Realty Holdings, LLC's, negligence, as set forth above, plaintiff, Richard Schoonmaker, was injured, bruised and wounded, so that he became sick, sore, lame and disabled, and plaintiff has been damaged in an amount in excess of the jurisdiction of all lower courts.

38. As a direct result and proximate cause of the defendant, Starfire System, Inc's, negligence, as set forth above, plaintiff, Richard Schoonmaker, was injured, bruised and wounded, so that he became sick, sore, lame and disabled, and plaintiff has been damaged in an amount in excess of the jurisdiction of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS, PLAINTIFF, MARY SCHOONMAKER ALLEGES:

39. Plaintiffs repeat, reiterate and reallege each and every allegation, claim and statement contained in all of the preceding paragraphs, with the same force and effect as if fully set forth herein at length.

40. The plaintiff, Mary Schoonmaker, is the wife of the plaintiff, Richard Schoonmaker.

41. The plaintiff, Mary Schoonmaker, sustained derivative injuries, including loss of the services, enjoyment and consortium of her husband, Richard Schoonmaker, as well as sustaining losses in the form of substantial time and expenses in the care, treatment and attendance of her husband.

42. The plaintiff's derivative injuries are a direct result of the defendants' negligence and deviations as set forth above.

43.     As a direct and proximate cause of the defendants' negligence, as set forth above, plaintiff, Mary Schoonmaker, has been damaged in an amount in excess of the jurisdiction of all lower courts.

WHEREFORE, judgment is demanded against all of the defendants, in an amount that exceeds the jurisdictional limits of all lower Courts together with the costs and disbursements of this action, and such other and further relief as to this Court may seem just and proper.

Dated: September 27, 2018

CONWAY & KIRBY, LLP

BY:_____
DANA M. BONIEWSKI, ESQ.
*Attorneys for Plaintiffs*
413 Kenwood Avenue
Delmar, New York   12054
Tel. No.: (518) 533-1050